STATE OF INDIANA ON RELATION OF HURT AND GILCHRIST *v.* SOMMER, JUDGE OF THE MONTGOMERY CIRCUIT COURT.

[No. 29,194. Filed June 24, 1954.]

*James C. Cooper,* Public Defender, and *Perry W. Cross,* Deputy Public Defender, for relators.

*Howard A. Sommer, pro se.* (Respondent.)

DRAPER, J.—Prior to June 10, 1954, the relators each filed their separate petition for writ of error *coram nobis* in the Montgomery Circuit Court. On that day, on motion of the petitioners there, the relators here, the causes were ordered consolidated in that court, and later on the same day, June 10, 1954, the relators filed therein their motion and affidavit, in proper form, for a change of venue from the judge. The motion was overruled and the change denied.

On June 17, 1954, we issued a writ of mandate commanding the respondent to grant the change, or in the alternative to show cause why such should not be done.

The respondent judge has now filed answer and return in which it is made to appear that on August 22, 1946, he was the presiding judge of the Montgomery Circuit Court, and that he was the trial judge before whom the relators entered their respective pleas of guilty to charges of first degree burglary and automobile banditry, and that he was the judge who rendered final judgment upon said pleas of guilty, committing said relators to confinement in the Indiana State Reformatory. It is further shown that he is still the presiding judge of said court, and that he is still available, ready and willing to preside at the hearing of the cause, which has already been assigned for hearing and trial.

We deem it unnecessary to review the historical background of the common law writ of error *coram nobis,* to restate its purpose, or to advert to earlier cases in this court which denied the petitioner the right to a change of judge in such a proceeding when the judge

who originally presided was still available. On December 17, 1952, this court adopted Rule 2-40, to be effective on and after December 20, 1952. It provides, among other things, that the state or the petitioner for a writ of error *coram nobis* "shall be entitled to a change of judge for the same causes and under the same procedure provided in civil actions."

The rule was adopted by this court after due and careful consideration. It is binding upon all circuit courts and judges including the respondent.

The alternative writ of mandate is made absolute and the respondent is ordered to grant a change of judge in accordance with the provisions of said rule.

NOTE.—Reported in 120 N. E. 2d 403.